FILED
2018 May-02 PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MOHAMMED AL-SHAREIH ,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | |
| | **)** | **CASE NO.:____________________** |
| **LIBERTY LIFE ASSURANCE** | **)** | |
| **COMPANY OF BOSTON,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Comes now the Plaintiff, MOHAMMED AL-SHAREIH, and hereby files his Complaint against Liberty Life Assurance Company of Boston.

**PRELIMINARY STATEMENT**

1. Plaintiff MOHAMMED AL-SHAREIH, hereinafter referred to as "Plaintiff," brings this ERISA action against Liberty Life Assurance Company of Boston, in its capacity as Administrator of the Crown Equipment Corporation Long Term Disability Plan, hereinafter referred to as "Defendant". Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of his employment with Crown Equipment

Corporation.

## PARTIES

2. The Plaintiff, Mohammed Al-Shareih, is an insured under Long-Term Disability Policy No. GF3-890-462942-01.

3. Defendant is a properly organized business entity doing business in the State of Alabama.

4. The disability plan at issue in the case at bar was funded and administered by Defendant.

5. Defendant is a business entity doing business in the Northern District of Alabama. Defendant may be served with process by serving its registered agent, Corporation Service Company, Inc., 641 South Lawrence Street, Montgomery County, Montgomery, Alabama 36104.

## JURISDICTION AND VENUE

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. 1331, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce his rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future

benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

7. Venue in the Northern District of Alabama is proper by virtue of Defendant doing business in the Northern District of Alabama. Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically “where a defendant resides or may be found." (*Id*.) Here, Defendant is “found” within the Northern District of Alabama, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

**CONTRACTUAL AND FIDUCIARY RELATIONSHIP**

8. Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action. Said policy became effective January 1, 2015.

9. The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff’s employment with Crown Equipment Corporation at the time of Plaintiff’s onset of disability.

10. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11. Defendant funds the Plan benefits.

12. Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13. Because of the conflict of interest described above, this Court should consider Defendant's decision to deny disability benefits as an important factor during its review in determining Defendant's abuse of discretion.

14. Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

15. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

16. Plaintiff is a 54 year old man previously employed by Crown Equipment Corporation as an "Electrical Engineer."

17. Electrical Engineer is classified under the Dictionary of Occupational Titles as Light with an SVP of 8 and considered to be skilled work.

18. Due to Plaintiff's disabling conditions, Plaintiff ceased actively

working on January 22, 2016 as on this date Plaintiff suffered from chronic idiopathic hypersomnia, chronic obstructive pulmonary disease (COPD), sleep apnea, headaches, and valvular heart disease

19. Plaintiff alleges that he became disabled on January 23, 2016.

20. Plaintiff filed for short term disability benefits with Defendant.

21. Short term disability benefits were granted for a period then denied.

22. Plaintiff filed for long term disability benefits through the plan administered by the Defendant.

23. On December 14, 2016, Defendant denied long term disability benefits under the Plan. Said letter allowed Plaintiff 180 days to appeal this decision.

24. At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform his "Own Occupation."

25. If granted, the plan would pay a monthly benefit of $4,800.00.

26. On April 6, 2017 Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

27. Plaintiff timely perfected his administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

28. Plaintiff submitted additional information including medical records to show that he is totally disabled from the performance of both his own and any other occupation as defined by the Plan.

29. On or about April 24, 2016 and again on April 27, 2016, Defendant's internal consultant, A Gray Bullard, M.D., FACP, FCCP, D-ABSM, performed paper reviews of Plaintiff's claim file.

30. On or about May 11, 2016, Defendant's internal consultant, A Gray Bullard, M.D., FACP, FCCP, D-ABSM, performed another paper review of Plaintiff's claim file.

31. On or about May 12, 2016, Defendant's internal consultant, Nancy Sullivan, MSEd, CDMS, vocational case manager, performed a paper review of Plaintiff's claim file.

32. On or about November 2, 2016, Defendant's internal consultant, A Gray Bullard, M.D., FACP, FCCP, D-ABSM, performed yet another paper review of Plaintiff's claim file.

33. On or about April 26, 2017, Defendant's paid consultant, Eric A. Crawley, M.D., internal medicine, performed a peer review of Plaintiff's claim file.

34. Defendant's consultants completed their reports without examining Plaintiff.

35. On May 2, 2017, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

36. Defendant also notified Plaintiff on May 2, 2017 that Plaintiff had exhausted his administrative remedies.

37. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on his ability to engage in work activities.

38. Plaintiff has now exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

39. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

40. Plaintiff suffers from chronic idiopathic hypersomnia, chronic obstructive pulmonary disease (COPD), sleep apnea, headaches, diabetes, valvular heart disease, memory loss and dyspnea.

41. Treating physicians document continued chronic pain, as well as weakness.

42. Plaintiff's multiple disorders have resulted in restrictions in activity,

and have significantly curtailed his ability to engage in any form of exertional activity.

43. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

44. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that he suffers from said symptoms based solely on his own subjective allegations.

45. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address his multiple symptoms.

46. However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

47. Plaintiff's documented pain is so severe that it impairs his ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

48. Plaintiff's medications cause additional side effects in the form of sedation

and cognitive difficulties.

49. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

50. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

51. However, after exhausting his administrative remedies, Defendant persists in denying Plaintiff his rightfully owed disability benefits.

## DEFENDANT'S CONFLICT OF INTEREST

52. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

53. Defendant's determination was influenced by its conflict of interest.

54. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

55. The LTD plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

56. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

57. More information promotes accurate claims assessment.

58. Despite having the right to a physical examination, Defendant did not

ask Plaintiff to submit to one.

**COUNT I:**

**WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132**

59. Plaintiff incorporates those allegations contained in paragraphs 1 through 58 as though set forth at length herein.

60. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a. Plaintiff is totally disabled, in that he cannot perform the material duties of his own occupation, and he cannot perform the material duties of any other occupation which his medical condition, education, training, or experience would reasonably allow;

b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

**COUNT II: ATTORNEY FEES AND COSTS**

61. Plaintiff repeats and realleges the allegations of paragraphs 1 through 60 above.

62. By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and otherwise enter an Order providing that:

1. The applicable standard of review in this case is *de novo*.

2. That the Court may take and review the records of Defendant and any other evidence that it deems necessary to conduct an adequate *de novo* review;

3. Defendant shall pay Mr. Al-Shareih all benefits due for the period from at least December 14, 2016 through the present, in accordance with the Plan;

4. Defendant shall pay to Plaintiff such prejudgment interest as allowed by law;

5. Defendant shall pay Plaintiff's costs of litigation and any and all other reasonable costs and damages permitted by law;

6. Defendant shall pay attorney's fees for Plaintiff's counsel;

7. Plaintiff shall receive such further relief against Defendant as the Court deems lawful, just and proper.

Respectfully Submitted,

/s/ *Peter H. Burke*________________
Peter H. Burke (ASB-1992-K74P)

/s/ *Amanda Stansberry-Johns*________________
Amanda Stansberry Johns (ASB-7793-M64S)

**OF COUNSEL**:
**BURKE HARVEY, LLC**
3535 Grandview Parkway
Suite 100
Birmingham, Alabama 35243
Phone: 205-930-9091
Fax: 205-930-9054
pburke@burkeharvey.com
ajohns@burkeharvey.com

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104