FILED
2018 May-31 PM 10:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MOHAMMED AL-SHAREIH,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | ) | Case No. 2:18-CV-00683-SGC |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") answers Plaintiff's Complaint through its undersigned counsel and alleges as follows:

**FOR A FIRST DEFENSE**

**INTRODUCTION**

1. Regarding the allegations contained in Paragraph 1 of the Complaint, Liberty Life admits that it issued Group Disability Income Policy No. GF3-890-462942-01 (the "Policy"), to Crown Equipment Company ("Crown"), which Policy, at certain times, insured benefits from the Crown Equipment Corporation Long Term Disability Plan (the "LTD Plan"). Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but denies Plaintiff is entitled to any such relief or recovery. Liberty Life

admits that the LTD Plan and Plaintiff's claim for benefits from the LTD Plan are governed by ERISA. Liberty Life admits that it was the claim administrator for Plaintiff's claim for benefits from the LTD Plan that is the subject of the above-styled action. Liberty Life specifically denies that it was the Plan Administrator of the LTD Plan. Liberty Life admits that, at certain times, Plaintiff was employed by Crown and a participant in the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

## PARTIES

2. Regarding the allegations contained in Paragraph 2 of the Complaint, Liberty Life admits that it issued the Policy to Crown, and that, at certain times, Plaintiff was a participant in the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Regarding the allegations contained in Paragraph 3 of the Complaint, Liberty Life admits these allegations.

4. Regarding the allegations contained in Paragraph 4 of the Complaint, Liberty Life admits that it issued the Policy to Crown, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Liberty Life admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Liberty Life specifically denies it

was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Regarding the allegations contained in Paragraph 5 of the Complaint, Liberty Life admits these allegations.

## JURISDICTION AND VENUE

6. Regarding the allegations of Paragraph 6 of the Complaint, Liberty Life admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court under 28 U.S.C. § 1331. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Regarding the allegations of Paragraph 7 of the Complaint, Liberty Life admits that venue of this action is proper in this Court. To the extent that Paragraph 7 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. Regarding the allegations contained in Paragraph 8 of the Complaint, Liberty Life admits Plaintiff was, at certain times, a participant in the LTD Plan. Liberty Life admits that it issued the Policy to Crown with an effective date of January 1, 2015, which Policy, at certain times, insured benefits paid by the LTD

Plan. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Regarding the allegations contained in Paragraph 9 of the Complaint, Liberty Life admits Plaintiff was, at certain times, an employee of Crown and a participant in the LTD Plan. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD plan, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life admits that it issued the Policy to Crown, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Regarding the allegations contained in Paragraph 10 of the Complaint, Liberty Life admits that it issued the Policy to Crown, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. To the extent that this Paragraph seeks to interpret either the Policy or other documents relevant to the LTD Plan, Liberty Life refers to the Policy and the documents themselves as the best evidence of their contents. Liberty Life admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan. Liberty Life specifically denies it was the Plan Administrator of the LTD

Plan and denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Regarding the allegations contained in Paragraph 11 of the Complaint, Liberty Life admits that it issued the Policy to Crown, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Regarding the allegations contained in Paragraph 12 of the Complaint, Liberty Life admits that it issued the Policy to Crown, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Regarding the allegations of Paragraph 13 of the Complaint, Liberty Life admits that its decision on Plaintiff's claim for benefits from the LTD Plan under the Policy is the subject of the Complaint. Liberty Life admits that its decision will be reviewed by the Court in the Court's ruling on Plaintiff's claims in the Complaint. Liberty Life denies all allegations contained in Paragraph 13 of the Complaint.

14. Regarding the allegations contained in Paragraph 14 of the Complaint, to the extent that this Paragraph contains legal conclusions, Liberty Life is not

required to answer. Liberty Life admits the Policy includes language pertaining to discretionary authority, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. To the extent that Paragraph 15 contains legal conclusions, Liberty Life is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

## ADMINISTRATIVE APPEAL

16. Regarding the allegations of Paragraph 16 of the Complaint, Liberty Life admits Plaintiff was, at certain times, employed by Crown as a Computer Engineer. Liberty Life admits that documentation concerning Plaintiff's age and date of birth are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Regarding the allegations of Paragraph 17 of the Complaint, to the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan,

Liberty Life states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Liberty Life refers to that document itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Regarding the allegations of Paragraph 18 of the Complaint, Liberty Life admits Plaintiff's last day of work for Crown was on or about January 22, 2016. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Regarding the allegations of Paragraph 19 of the Complaint, Liberty Life admits Plaintiff's last day of work for Crown was on or about January 22, 2016. Liberty Life admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a

participant's claim for benefits from the LTD plan, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Regarding the allegations of Paragraph 20 of the Complaint, Liberty Life admits that Plaintiff submitted a claim for benefits from the short term disability benefit plan (the "STD Plan") sponsored by Crown. Liberty Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Regarding the allegations of Paragraph 21 of the Complaint, Liberty Life admits Plaintiff received, at certain times, benefits from the STD Plan. Liberty Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Regarding the allegations of Paragraph 22 of the Complaint, Liberty Life admits Plaintiff submitted a claim for benefits from the LTD Plan. Liberty Life admits that it issued the Policy to Crown, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Liberty Life admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Liberty Life specifically denies it was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Regarding the allegations of Paragraph 23 of the Complaint, Liberty Life admits that it sent a letter dated December 14, 2016, to Plaintiff, and refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Regarding the allegations of Paragraph 24 of the Complaint, Liberty Life admits that it sent a letter dated December 14, 2016, to Plaintiff, and refers to the letter itself as the best evidence of its contents. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph 24 of the Complaint.

25. Regarding the allegations of Paragraph 25 of the Complaint, to the extent that this Paragraph seeks to interpret either the Policy or other documents relevant to the LTD Plan under the Policy, Liberty Life refers to the Policy and the documents themselves as the best evidence of their contents. Liberty Life admits that certain information concerning Plaintiff's salary is reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits that the Policy includes language pertaining to the calculation of benefits as applicable to a participant's claim for benefits from the

LTD Plan, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph 25 of the Complaint.

26. Regarding the allegations of Paragraph 26 of the Complaint, Liberty Life admits that it received a letter from Plaintiff, dated April 6, 2017, along with additional documentation, appealing the denial of further benefits from the LTD Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Regarding the allegations contained in Paragraph 27 of the Complaint, Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, which is contained in the administrative record, and Liberty Life refers to the administrative record itself as the best evidence of its

contents. Liberty Life denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Regarding the allegations of Paragraph 28 of the Complaint, Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits it received an appeal of the denial of Plaintiff's claim for benefits from the LTD Plan, along with additional documentation, but Liberty Life refers to the letter and documents themselves as the best evidence of their contents. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD plan, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Regarding the allegations of Paragraph 29 of the Complaint, Liberty Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Regarding the allegations of Paragraph 30 of the Complaint, Liberty Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Regarding the allegations of Paragraph 31 of the Complaint, Liberty Life admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Regarding the allegations of Paragraph 32 of the Complaint, Liberty Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Regarding the allegations of Paragraph 33 of the Complaint, Liberty Life admits that physician peer reviews are contained in the administrative record

regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Regarding the allegations of Paragraph 34 of the Complaint, Liberty Life admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Regarding the allegations of Paragraph 35 of the Complaint, Liberty Life admits that it sent a letter dated May 2, 2017, to Plaintiff, and refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Regarding the allegations of Paragraph 36 of the Complaint, Liberty Life admits that it sent a letter dated May 2, 2017, to Plaintiff, and refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Regarding the allegations of Paragraph 37 of the Complaint, Liberty Life admits that it sent a letter dated May 2, 2017, to Plaintiff, and refers to the

letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Regarding the allegations of Plaintiff 38 of the Complaint, Liberty Life admits only that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 38 of the Complaint.

**MEDICAL FACTS**

39. Regarding the allegations of Paragraph 39 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Regarding the allegations of Paragraph 40 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Regarding the allegations of Paragraph 41 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Regarding the allegations of Paragraph 42 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Regarding the allegations of Paragraph 43 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of

Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Regarding the allegations of Paragraph 44 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Regarding the allegations of Paragraph 45 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Regarding the allegations of Paragraph 46 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the

administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Regarding the allegations of Paragraph 47 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Regarding the allegations of Paragraph 48 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Regarding the allegations contained in Paragraph 49 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Regarding the allegations of Paragraph 50 of the Complaint, Liberty Life admits the Policy contains language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Regarding the allegations of Plaintiff 51 of the Complaint, Liberty Life admits only that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 51 of the Complaint.

**DEFENDANT'S CONFLICT OF INTEREST**

52. Regarding the allegations of Plaintiff 52 of the Complaint, Liberty Life admits that it issued the Policy to Crown, which Policy, at certain times,

insured benefits paid by the LTD Plan under the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Regarding the allegations of Plaintiff 53 of the Complaint, Liberty Life denies these allegations.

54. Regarding the allegations of Plaintiff 54 of the Complaint, Liberty Life denies these allegations.

55. Regarding the allegations of Plaintiff 55 of the Complaint, to the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Regarding the allegations of Plaintiff 56 of the Complaint, Liberty Life admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Regarding the allegations of Plaintiff 57 of the Complaint, Liberty Life admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of

the Policy. Liberty Life denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Regarding the allegations of Plaintiff 58 of the Complaint, Liberty Life admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 58 of the Complaint.

**COUNT I:**

**WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132**

59. Regarding the allegations of Plaintiff 59 of the Complaint, Liberty Life incorporates its responses to Paragraphs 1-58 by reference as if fully set forth herein.

60. Regarding the allegations of Plaintiff 60 of the Complaint, Liberty Life denies all allegations contained in Paragraphs 60 and 60 a-d of the Complaint.

**COUNT II: ATTORNEY FEES AND COSTS**

61. Regarding the allegations of Plaintiff 61 of the Complaint, Liberty Life incorporates its responses to Paragraphs 1-60 by reference as if fully set forth herein.

62. Regarding the allegations of Plaintiff 62 of the Complaint, Liberty Life denies these allegations. No response is required to the "WHEREFORE"

Paragraph thereafter, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Liberty Life denies all allegations contained in the WHEREFORE Paragraph under the Prayer for Relief of the Complaint and Paragraphs 1-7 thereunder and denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever.

Unless specifically admitted herein, Liberty Life denies each and every allegation of the Complaint.

**FOR A SECOND DEFENSE**

63. To the extent the Complaint seeks extra-contractual or "make whole" damages in addition to LTD benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

**FOR A THIRD DEFENSE**

64. The claim and appeal determinations in this matter were reasonable and were not arbitrary and capricious or an abuse of discretion under ERISA.

**FOR A FOURTH DEFENSE**

65. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

**FOR A FIFTH DEFENSE**

66. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the document governing the long term disability plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's own or Plaintiff's dependent(s)'s behalf.

**FOR A SIXTH DEFENSE**

67. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**FOR A SEVENTH DEFENSE**

68. Based on the appropriateness of the denial and the lack of any improper conduct by Liberty Life, Liberty Life requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

**FOR AN EIGHTH DEFENSE**

69. Plaintiff's claim against Liberty Life is barred because she failed to file this action within the applicable legal and/or contractual statute of limitations period.

WHEREFORE, Liberty Life prays that the Court: dismiss Plaintiff's Complaint with prejudice; enter a take-nothing judgment on Plaintiff's claims

against Liberty Life; award Liberty Life its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and award to Liberty Life such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ *Matthew W. Robinett*
MATTHEW W. ROBINETT
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

AND

Iwana Rademaekers
(*Pro Hac Vice Motion Pending*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of May, 2018, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

Peter H. Burke (ASB-1992-K74P)
Email: pburke@burkeharvey.com

Amanda Stansberry-Johns (ASB-7793-M64S)
Email: ajohns@burkeharvey.com

*/s/ Matthew W. Robinett*
Matthew W. Robinett