FILED
2018 Aug-07 PM 02:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MOHAMMED AL-SHAREIH,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) | Case No. 2:18-CV-00683-SGC |

## JOINT REPORT REGARDING CASE

Pursuant to the Court's Order dated June 7, 2018, Plaintiff Mohammed Al-Shareih and Defendant Liberty Life Assurance Company of Boston submit the following joint report:

**(1) If plaintiff has named more than one defendant, do the defendants agree that a particular named defendant, or a third-party who is not a defendant, is the single entity responsible for the alleged ERISA violation or violations? If so, name that entity.**

N/A

**(2) Provide the court with an electronic and paper copy of the administrative record as it presently exists, including the plan document and the summary plan description. Are the parties in agreement about the accuracy and completeness of the administrative record as it presently exists?**

**If the parties disagree about the accuracy or completeness of the current administrative record, what is the basis for their disagreement?**

The parties are in agreement about the accuracy and completeness of the administrative record as it presently exists, and are filing electronic and paper copies with the Court contemporaneously with the submission of this Report.

**(3) If the court finds monetary liability, do the parties agree on the amount due, taking into consideration any offsets? If so, state the amount. If not, each party SHALL explain the amount it proposes.**

Plaintiff's Contention:

Plaintiff is in general agreement about the calculations but believes the net benefit works out to $1,453.00 per month after applying offsets.

Defendant's Contention:

Any monthly disability benefits awarded from the Social Security Administration ("SSA") would constitute an offset to benefits under the terms of the Policy. Accordingly, the monthly benefit in dispute in this action is $4,849.00 (60% of $8,081.67 monthly salary), less an estimated SSDI benefit of $3,580.50 ($2387 plus dependent benefits of $1,193.50), for a net benefit of $1,268.50. Plaintiff may only recover past benefits under this action, along with reinstatement of benefits under the terms of the Plan. As of today, the past due benefits are $25,370.00. However, benefits were terminated during the 36-month "own occupation period," so the ending date for the "own occupation" benefit that is subject to the claim decision before the Court is April 21, 2019. At that point, the claim must be remanded to Liberty Life for a new claim decision under the "any occupation" standard.

**(4) Does plaintiff seek benefits only pursuant to 29 U.S.C. § 1132(a)(1)(B), or does plaintiff seek relief pursuant to 29 U.S.C. § 1132(a)(3)?**

Plaintiff seeks relief pursuant to 29 U.S.C. § 1132(a)(1)(B).

**(5) Do the parties agree that the case should be decided on the administrative record alone? If not, what additional presently available evidence should be considered, and why?**

The Parties agree that this matter should be tried on the Administrative Record and propose the Court enter a briefing schedule for cross motions for summary judgment.

**(6) If any party believes that discovery beyond the administrative record will be needed, describe the nature of such evidence, and how the party proposes to obtain it.**

Plaintiff's Contention:

Plaintiff believes he is entitled to conflict discovery to see the extent of the conflict of interest. This discovery can be done with interrogatories.

Defendant's Contention:

None at this time.

**(7) What is the proper standard-of-review, and why?**

Plaintiff's Contention:

Plaintiff concedes that arbitrary and capricious standard applies.

Defendant's Contention:

Defendant's position is that the "arbitrary and capricious" standard is appropriate in this case. In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the United States Supreme Court held that "[c]onsistent with established principles of trust law, we hold that a denial of benefits under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or construe the terms of the plan." 489 U.S. at 115. In the case of the LTD Plan, such discretionary authority is granted. The relevant plan document states:

> Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding. (*See* Joint Stipulation Record, Exhibit 1 at Liberty/Al-Shareih 051)

**(8) If any defendant relies upon a discretionary clause in the plan, does Plaintiff concede that the clause meets the *Bruch* standard? If not, why?**

Yes.

**(9) Did any decision-maker whose decision is contested, operate under a structural conflict-of-interest?**

Plaintiff's Contention:

Plaintiff asserts there was a conflict and that he is entitled to limited discovery to determine the extent of such conflict.

Defendant's Contention:

As Liberty Life was acting as both the claims fiduciary and the insurer with regard to Plaintiff's claim for benefits from the LTD Plan under the Policy, it will be deemed to have a conflict of interest. However, this is the sole source of Liberty Life's alleged conflict of interest in this action, and there is no evidence in the administrative record that indicates this conflict impacted the decision. Moreover, Liberty Life

has taken affirmative steps to separate its underwriting and claims functions and to ensure accuracy in its claim process. Liberty Life has specifically been found to have taken "steps, including physical separation of disability case managers and employees who make underwriting and premium decisions, and requiring management oversight and review of any claim denial" such that "the Court should give minimal weight to the demonstrated conflict of interest" that results from its both determining eligibility for benefits and providing those benefits.

**(10) If any defendant interposes a defense of plaintiff's alleged failure to exhaust administrative remedies, what does the alleged failure consists of?**

It is Defendant's position that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). However, Defendant specifically denies, that administrative remedies were necessarily exhausted by Plaintiff with regard to any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of his claim or during the administrative review process.

**(11) Is this case subject to remand of the dispute to the plan administrator, or other decision-making entity? If not, explain why?**

Plaintiff's Contention:

If the Court rules in plaintiff's favor, remand would be appropriate to determine the amount of back owed benefits.

Defendant's Contention:

It is clear from the Policy that disability benefits Plaintiff receives from the Social Security Administration, retirement benefits, and any workers' compensation benefits will all be considered "Other Income Benefits" that must be deducted from any benefit award to him. Thus, in the unlikely event the Court finds that Liberty Life's decision to terminate Plaintiff's benefits was arbitrary or capricious, the claim must be remanded back to Liberty Life to calculate the correct amount

of past due benefits in light of these offset provisions. Moreover, Liberty Life has made no determination pertaining to Plaintiff's claim under the "Any Occupation" definition of "Disability," which would apply as of April 22, 2019, which is 36 months after the LTD benefit start date on April 22, 2016. Accordingly, any award of benefits by this Court is necessarily limited to the "Own Occupation" benefits (December 14, 2016, through April 22, 2019), with a remand to Liberty Life to consider Plaintiff's claim under the "Any Occupation" definition applicable from April 23, 2019, forward.

**(12) Does plaintiff claim any procedural shortcoming by defendant or defendants that may affect liability? If so, describe.**

No.

**(13) Has the Social Security Administration been involved in any way in the subject matter of the case? If so, describe that involvement in detail along with the result.**

The parties are awaiting a ruling on Plaintiff's Social Security Disability Income claim, as those benefits are an offset to LTD benefits under the relevant policy.

**(14) Does plaintiff complain about the decision-maker's interpretation of the plan language? If so, what is the difference in interpretation between the parties?**

No, just the conclusions it drew from the facts before it.

**(15) Does plaintiff complain about any of the plan administrator's findings of fact (in contrast to conclusions reached upon such facts)? If so, in what respects?**

Plaintiff asserts that Defendant cherry-picked evidence from the file, ignored relevant medical as set out in the Complaint, and improperly "interpreted" surveillance evidence that actually supported Plaintiff's limitations.

**(16) Does any party believe that the liability question cannot be finally disposed of upon cross-motions by the parties on a written record? If not, explain why in detail.**

The Parties agree that the liability question can be finally disposed of upon cross-motions by the parties on a written record. As such, it is anticipated by the Parties that, if this case is not settled through informal discussions or mediation, the claim will be resolved with Cross Motions for Summary Judgment.

**(17) When should the case be ready for a final disposition, whether upon cross motions or upon bench trial?**

If this case is not settled through informal discussions or mediation, the Parties will be ready to submit cross motions for summary judgment by January 2019.

**(18) Does any party desire mediation?**

The parties will engage in good-faith settlement efforts to resolve this matter but do not seek mediation at this time.

Respectfully Submitted,

*/s/* Peter H. Burke

Peter H. Burke, Esq.
ASB-1992-K74P
Amanda Stansberry-Johns, Esq.
ASB-7793-M64S
**BURKE HARVEY LLC**
3535 Grandview Parkway

Suite 100
Birmingham, Alabama 35243
Phone:  205-930-9091
Fax:  205-930-9054
Email:  pburke@burkeharvey.com
Email:  ajohns@burkeharvey.com

ATTORNEYS FOR PLAINTIFF

AND

*/s/Iwana Rademaekers*

**IWANA RADEMAEKERS**
(*Admitted Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

- And -

Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL  35205
Telephone: (205) 328-6643
Facsimile:   (205) 251-5479
Email: mrobinett@nwkt.com

ATTORNEYS FOR DEFENDANT