FILED
2018 Aug-07 PM 02:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213

MR MOHAMMED AL-SHAREIH

EXHIBIT

2

Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-5707

May 2, 2017

Mr. Mohammed Al-Shareih

RE: Long Term Disability (LTD) Benefits
Crown Equipment Corporation
Claim #: 5690365

Dear Mr. Mohammed Al-Shareih:

We reviewed your appeal request for Long Term Disability ("LTD") benefits and maintained the decision to deny benefits beyond December 13, 2016.

**Initial Claim Decision**

You submitted a claim for your absence from work as of January 23, 2016, as a result of chronic idiopathic hypersomnia, COPD, nonorganic sleep apnea on CPAP, valvular heart disease and headaches. LTD benefits were approved from April 22, 2016 through December 13, 2016 under Reservation of Rights. Benefits beyond December 13, 2016 were denied as the evaluation concluded you were no longer disabled as defined by the Policy.

The basis for the decision was outlined in a letter dated December 14, 2016. You were provided an opportunity to request an appeal review of the denial, stating the reasons why you felt that your claim should not have been denied, and submit additional information to support your claim. Specifically, you were advised to submit the following information: "neuropsychological evaluation documenting cognitive impairment, a sleep diary, multiple sleep latency testing, maintenance of wakefulness testing, cardiopulmonary exercise testing, proof of application for social security disability and updated medical records from Dr. Najjar as well as any additional information which you feel will support your claim."

**Appeal**

In your letter of appeal dated April 6, 2017, you indicated that your health conditions had not improved and your latest COPD test showed a result of 29/100. You indicated your active problems are central idiopathic hypersomnia, chronic obstructive pulmonary disease, hypersomnia, non-organic sleep apnea and valvular heart disease. You also advised that you had lower back problems, diabetes and high cholesterol. You advised that your employment was terminated on January 25, 2017 and you were struggling financially.

In support of your claim, you submitted the following information:

- The December 22, 2016 lab results.
- The January 27, 2017 pulmonary report from Dr. Najjar.
- The January 31, 2017 office visit note from Dr. Najjar.
- The January 31, 2017 MRI of the lumbar spine.

**Appeal Evaluation**

During the claim evaluation of ongoing benefits, your claim was reviewed by an independent physician board certified in Internal Medicine, Pulmonary Medicine and Sleep Medicine. Based on the records, the physician concluded you could work full-time in a light capacity with the workplace accommodation for safe work environment, including no heights, climbing, crawling, balancing, or work-related driving; and for frequent brief naps if subjectively beneficial to you (e.g., up to 15 minutes every 2-4 hours if required). The records were insufficient to support absence of work capacity on the basis of either hypersomnia or severe COPD. The records support that you had capacity to sustain fulltime sedentary work with the workplace accommodations noted.

Surveillance was conducted on October 27, 2016, October 28, 2016 and October 29, 2016. You were observed operating a vehicle, purchasing items and driving to a credit union. On November 16, 2016, you were observed departing your residence and returning almost two hours later.

During the review of your appeal, your claim was reviewed by Eric A. Crawley, M.D., an independent physician who is board certified in Internal Medicine with a sub specialty in pulmonary disease and critical care medicine. Based on his review of the medical records, Dr. Crawley concluded you have mild obstructive sleep apnea based on a very mildly elevated apnea hypopnea index of 5.3 on his diagnostic polysomnogram. The medical evidence does not support any diagnoses causing functional impairment from December 13, 2016 to present. Dr. Crawley indicated although you have been given several diagnoses to include severe COPD, valvular heart disease and idiopathic hypersomnia/central hypersomnia there is no objective evidence in the medical records reviewed to support these diagnoses. From a severe COPD standpoint it should be noted that all spirometry submitted for review was of such poor technical quality to be fully uninterpretable. No conclusions of any sort can be made from the data submitted. Your lung exams are all recorded as either normal or no pertinent abnormality and you denied shortness of breath, wheezing or cough at all visits with his primary care physician. It appears that from your prescription history that you have not been regularly filling Symbicort or albuterol.

From a hypersomnia / obstructive sleep apnea standpoint it should be noted that your subjective complaints of sleepiness and daytime fatigue were evaluated with nonstandard MSLT studies. It is important to confirm that you had an adequate night sleep prior to the study either via actigraphy or polysomnography. There is no documentation to suggest this was performed. It is also worth noting that during your CPAP titration studies your sleep efficiency was very high (in excess of 90%) with no evidence there was intolerant of CPAP in contrast to what you report in follow-up. No CPAP compliance documents such as machine downloads were submitted for review to determine to what degree, if any, you have been using your CPAP device. Lastly, your echocardiography studies do not suggest any clinically significant valvular heart disease.

The documentation did not contain any language suggesting that you had cognitive or physical side effects from medications. Dr. Crawley was asked to interpret the pulmonary function tests. He concluded that there are well-established guidelines from the American thoracic Society establish standards for test performance and interpretation. The interpretation rendered by the treating pulmonologist is not consistent with those guidelines. Proper pulmonary function testing interpretation requires that the studies are of sufficient quality to render a valid interpretation. Specifically efforts should be reproducible (measures such as FVC, FEV1 should be within 5 - 10% of one another) expiratory time should be at least 6 seconds, and the flow volume loop should be smooth in contour. Your spirometry fails on all measures. In no efforts does your expiratory time reach 6 seconds or plateau. The flow volume loops themselves are extremely chaotic and not consistent with a full inhalation or full exhalation. If baseline spirometry is not interpretable then post bronchodilator results also are uninterpretable. For this reason the treating clinician's interpretation that there was a significant response to bronchodilator inhalation is incorrect. Therefore, no restrictions or limitations were supported based on the review of your medical records.

Your claim was previously reviewed by a vocational consultant, who completed an occupational analysis in order to identify the material and substantial duties of your occupation as it is normally performed in the national economy. The analysis showed your occupation as an Electrical Engineer is sedentary in nature.

Based upon the research as outlined above, this occupation is performed at the sedentary level of physical demand levels in the national economy. The Department of Labor defines sedentary Work as:

“Exerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists form 1/3 to 2/3 of the time) to lift, carry, push, pull or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief amounts of time. Jobs are sedentary if walking or standing are required only occasionally and all other sedentary criteria are met.”

Positional Requirements:

- Frequent: sitting, fingering
- Occasional: reaching, handling, standing, walking
- No: bending/stooping, crouching/squatting, twisting, climbing, crawling, kneeling or balancing

Our role in reviewing your file is to determine whether your medical condition and the medical documentation contained in your file supports that you are unable to perform the material and substantial duties of your own occupation beyond December 13, 2016. We are not required to ensure the availability of this occupation or that you return to active employment with your former employer in the same or different position.

We are aware that your claim for Social Security Disability Income benefits is being processed. It should be noted that any ruling by the Social Security Administration, in and of itself, does not determine entitlement to benefits under the terms and conditions of the Crown Equipment Corporation’s Long Term Disability Policy.

## Conclusion

We conducted a thorough and independent review of your entire claim. In summary, we acknowledge that you may have continued to experience some symptoms associated with your condition beyond December 13, 2016. You reported that you were unable to work due to COPD, central idiopathic hypersomnia, chronic obstructive pulmonary disease, hypersomnia, non-organic sleep apnea and valvular heart disease. Based on the medical records, you have mild obstructive sleep apnea based on a very mildly elevated apnea hypopnea index of 5.3 on his diagnostic polysomnogram. Dr. Crawley indicated although you have been given several diagnoses to include severe COPD, valvular heart disease and idiopathic hypersomnia/central hypersomnia there are no supporting documentation in the medical records. No CPAP compliance documents were submitted for review. Your echocardiography studies did not suggest any clinically significant valvular heart disease.

You also advised that you had lower back problems, diabetes and high cholesterol. Your MRI dated January 31, 2017 indicated you had very mild degenerative changes at L3-4 and L4-5. Your labs on December 22, 2016 indicated your total cholesterol was 188 (normal range is under 200) and your A1C was 6.3.

The available information does not contain exam findings, diagnostic test results or other forms of medical documentation supporting your impairments and symptoms remained of such severity, frequency and duration that they resulted in restrictions or limitations rendering you unable to perform the duties of your occupation.

Having carefully considered all of the information submitted in support of your claim, our position remains that proof of your continued disability in accordance with the Policy provisions after December 13, 2016 has not been provided. Therefore, no further benefits are payable.

This claim decision reflects an evaluation of the claim facts and Policy provisions.

## Policy Provisions

In order to continue receiving benefits, you must satisfy the requirements of all Policy provisions that state, in part:

*"**Disability**" or "**Disabled**" means:*
*For persons other than pilots, co-pilots, and crewmembers of an aircraft:*
*i. that during the Elimination Period and the next 36 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
*ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

*"**Material and Substantial Duties**" means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*

*"**Own Occupation**" means the Covered Person's occupation that he was performing when*

*his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is normally performed in the national economy.*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, you were entitled to appeal the decision made by Liberty Life Assurance Company of Boston (Liberty), and to submit any additional information you wished to be considered as part of the appeal. Liberty has conducted a full and fair review of your appeal and accompanying materials, and has concluded that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted; no further review will be conducted by Liberty and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to your claim. You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

Nothing in this letter should be construed as a waiver of any Liberty Life Assurance Company of Boston rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Liberty Life Assurance Company of Boston are based on the provisions outlined in Crown Equipment Corporation's Policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities.

If you have any questions regarding this matter, please contact me.

Sincerely,

Lisa MacAllister
Appeal Review Consultant
Phone No.: (888) 437-7611 Ext. 16400
Secure Fax No.: (603) 334-5707